# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DEANA L. STONE,**
**Claimant Below, Petitioner**

**FILED**
**January 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-298**          (JCN: 2019025747)

**CCBCC, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Deana L. Stone appeals the June 27, 2024, order of the Workers' Compensation Board of Review. Respondent CCBCC, Inc. timely filed a response.[1] Ms. Stone did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for a left knee total arthroplasty.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 5, 2019, Ms. Stone tripped and fell while at work. She was seen at Charleston Area Medical Center, where she presented with low back and knee pain. Ms. Stone reported that she recently had right knee surgery and that her meniscus was removed. X-rays revealed no evidence of acute bone or joint abnormality but did show mild osteoarthritis. By order dated June 10, 2019, the claim administrator held the claim compensable for a right knee contusion and a left knee contusion.

On September 30, 2019, Ms. Stone underwent a left knee arthroscopy with a partial medial meniscectomy and a left knee arthroscopic chondroplasty, which was performed by Stanley Tao, M.D. The pre-operative and post-operative diagnoses were medial meniscus tear with chondromalacia patellae of the left knee.

On February 10, 2020, the claim administrator issued an order authorizing bilateral knee injections. On March 18, 2020, Ms. Stone followed up with Dr. Tao. She indicated that the injections had not helped her right knee pain and had only somewhat helped her

---

[1] Ms. Stone is represented by Patrick K. Maroney, Esq. CCBCC is represented by James W. Heslep, Esq.

left knee pain. Dr. Tao diagnosed locking of the right knee and chondromalacia patellae, left knee, and he ordered an MRI.

On July 8, 2020, Ms. Stone underwent an independent medical evaluation ("IME") performed by Prasadarao Mukkamala, M.D. Ms. Stone complained of pain, locking, and weakness in both knees. Dr. Mukkamala opined that the osteoarthritis in Ms. Stone's knees was a noncompensable condition and should not be added to the claim. Dr. Mukkamala concluded that Ms. Stone was at maximum medical improvement ("MMI"), that there was no indication for the injections requested, and that any further treatment would be to address her noncompensable degenerative conditions.

On March 2, 2021, Ms. Stone testified that she injured her knees in a prior work-related incident in 2018. Ms. Stone indicated that she had pain and weakness in both knees following this incident, but that it had worsened since the 2019 injury. Further, Ms. Stone indicated that if she had osteoarthritis prior to the injury, it did not affect her work duties or activities of daily living.

On January 31, 2023, Ms. Stone gave an additional deposition regarding her claim. Ms. Stone testified that she was carrying cardboard to a dumpster when her foot caught on the metal band of a pallet, causing her to fall directly onto her knees. Ms. Stone stated that she had surgery on her right knee about six months prior to the fall, and that the surgery was due to a prior work-related injury where she was struck by a forklift. Ms. Stone indicated that Dr. Tao removed the meniscus from her right knee during this surgery. Further, Ms. Stone stated that she had never been diagnosed with arthritis prior to the 2018 work-related injury and had not been treated for any arthritis-related diagnosis. Ms. Stone indicated that her pain worsened after the 2019 injury.

On August 15, 2023, the claim administrator issued an order denying authorization for a left knee total arthroplasty based upon Dr. Mukkamala's finding that Ms. Stone was at MMI and the lack of medical evidence showing causation between the diagnosis of osteoarthritis of both knees and the compensable injury. Ms. Stone protested this order.

On June 27, 2024, the Board issued an order affirming the claim administrator's order, which denied authorization for a left knee total arthroplasty. The Board found that Ms. Stone did not establish that the requested treatment is medically necessary and reasonably required for the compensable injury. It is from this order that Ms. Stone now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further

2

proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Stone argues that the Board should have found that her cumulative occupational injuries created her left knee issues, and thus authorized reasonable and related medical treatment. We disagree.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* W. Va. Code § 23-4-3 (2005) and W. Va. Code R. 85-20-9.1 (2006).

Moreover, as set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we are unable to conclude that the Board was clearly wrong in affirming the claim administrator's order denying authorization for a left knee total arthroplasty.

Here, the Board noted that the record does not contain a request for a left knee total arthroplasty. Further, the Board found that Ms. Stone has bilateral knee osteoarthritis and that she previously requested a right knee total arthroplasty for the condition, which was denied because it was for a noncompensable condition.[2] Thus, the Board concluded that

---

[2] By separate order dated June 15, 2023, the Board affirmed the denial of a right knee total arthroplasty because it was requested for the condition of osteoarthritis, which was not compensable in the claim. In *Stone v. CCBCC*, *Inc*., No. 23-ICA-300, 2023 WL

3

Ms. Stone did not establish that the requested treatment of left knee total arthroplasty is medically necessary and reasonably required for the compensable injury. Based on the foregoing, we find that the Board's decision to affirm the claim administrator's order which denied authorization for a left knee total arthroscopy is supported by substantial evidence.

Accordingly, we affirm the Board's June 27, 2024, order.

Affirmed.

**ISSUED:** January 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

7203373 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) this Court affirmed the Board's order.